# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:03CR10069 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **BILLY WAYNE PAGE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; William E. Bradshaw, William E. Bradshaw, P.C., Big Stone Gap, Virginia, for Defendant.*

The defendant, Billy Wayne Page, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on a claim of constitutional error following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government filed a Motion to Dismiss and Page responded. Accordingly, this matter is ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss and dismiss Page's § 2255 motion as untimely.

## I.

Page was indicted for being a felon and unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(e). He pleaded guilty without a plea agreement. I determined

that Page was an armed career criminal based on three prior convictions for Virginia burglary and one prior conviction for Virginia escape from custody. On January 22, 2004, I sentenced Page to 120 months imprisonment, following a motion by the government for a reduction in sentence based on his substantial assistance to the government in the prosecution of another. Page did not appeal. He has served his prison sentence and is currently serving a five-year term of supervised release.[1]

On December 12, 2016, Page filed a § 2255 motion, alleging that he was entitled to a reduced sentence following the Supreme Court's decision in *Johnson*. On January 17, 2017, the Federal Public Defender ("FPD") was appointed to represent Page, pursuant to Standing Order 2015-5. The FPD subsequently moved to withdraw, on the ground that he had erroneously failed to file a § 2255 motion on Page's behalf in June of 2016. Motion to Appoint Substitute Counsel 2, ECF No. 103. The FPD concluded that Page "has an argument that the delay caused by this Defender's Office constitutes ineffective assistance and tolls the limitations period." *Id*. at 3. I appointed new counsel, who filed an amended § 2255 motion.

---

[1] Page's supervised release has been revoked on three occasions: May 19, 2014, for which he was sentenced to six months imprisonment and 48 months of supervised release, ECF No. 40; January 14, 2015, for which he was sentenced to 14 months imprisonment and 36 months of supervised release, ECF No. 56; and August 18, 2016, for which he was sentenced to ten months imprisonment and 30 months of supervised release, ECF No. 94.

## II.

Before a court may review the merits of a § 2255 motion, the defendant must comply with strict statute of limitations requirements.  Section 2255(f)(1) requires that a defendant file within one year of the date on which the judgment of conviction becomes final which, in this case, occurred in 2004, more than a decade before Page filed his § 2255 motion.  However, the statute provides for an additional year in which to file from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The Supreme Court issued its *Johnson* decision on June 26, 2015.  But Page did not file his § 2255 motion until December 12, 2016, almost six months late.

Page argues that he is entitled to equitable tolling of his petition.  Equitable tolling may be available if a defendant can show that he has been pursuing his rights diligently and some extraordinary circumstance precluded him from filing. *Holland v. Florida*, 560 U.S 631, 649 (2010).  Page has not presented the type of extraordinary circumstances that warrant tolling.  *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (concluding that attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (concluding that a defendant's ignorance of the law is not a

basis for equitable tolling).  The Fourth Circuit has made clear that a "lawyer's mistake in interpreting a statutory provision" does not constitute "that 'extraordinary circumstance' external to [the defendant] that would justify equitable tolling."  *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Therefore, I am constrained by applicable case law to dismiss Page's petition as untimely.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence.  A separate Final Order will be entered herewith.

DATED:  September 1, 2017

/s/  James P. Jones
United States District Judge