## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:03CR10069 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BILLY WAYNE PAGE,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Billy Wayne Page, Pro Se.*

The defendant, Billy Wayne Page, was indicted for being a felon and unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(e).  He pleaded guilty without a plea agreement.  I determined that Page was an armed career criminal based on three prior convictions for Virginia burglary and one prior conviction for Virginia escape from custody.  On January 22, 2004, I sentenced Page to 120 months imprisonment, following a motion by the government for a reduction in sentence based on his substantial assistance to the government.  Page did not appeal.  He has served his prison sentence and is currently serving a term of supervised release for violating his conditions of supervision.[1]

---

[1]  Page's supervised release has been revoked on three occasions:  May 19, 2014, for which he was sentenced to six months imprisonment and 48 months of supervised

On December 12, 2016, Page filed a § 2255 motion, alleging that he was entitled to a reduced sentence following the Supreme Court's decision in *Johnson*. I granted the United States' Motion to Dismiss on the ground that his motion was barred by applicable statute of limitations. *United States v. Page,* No. 2:03CR10069, 2017 WL 3835886 (W.D. Va. Sept. 1, 2017). The Supreme Court issued its *Johnson* decision on June 26, 2015. Page filed his § 2255 motion almost six months late.

On November 28, 2018, Page filed a second § 2255 motion, again based on the *Johnson* decision. I denied the motion as successive. Order, Nov. 29, 2018, ECF No. 158. The court of appeals subsequently denied his motion seeking authorization to file a second or successive application under § 2255. *In Re Page*, No. 18-418 (4th Cir. Jan. 3, 2019).

Page has filed two pro se motions with this court, one entitled, "Motion to be Resentenced under Proper Guidelines," ECF No. 159, and the second entitled, "Motion to Dismiss and Terminate Supervision," ECF No. 155. Both motions again raise the *Johnson* claim. These claims could only be asserted by way of a §

---

release, ECF No. 40; January 14, 2015, for which he was sentenced to 14 months imprisonment and 36 months of supervised release, ECF No. 56; and August 18, 2016, for which he was sentenced to ten months imprisonment and 30 months of supervised release, ECF No. 94. He is presently awaiting a hearing on a fourth revocation petition, ECF No. 126.

2255 motion, which would be barred for the reasons previously determined.

Accordingly, it is **ORDERED** that the two motions are DENIED.

ENTER:  March 12, 2019

/s/  James P. Jones
United States District Judge